IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CV-496-D

| | |
|---|---|
| WEENER PLASTICS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| HNH PACKAGING, LLC and CONTINENTAL CLOSURES, LLC, | ) ) ) ) |
| Defendants. | ) |

This case comes before the court on the motion of defendants for claim and delivery (DE #3), pursuant to Fed. R. Civ. P. 64 and N.C. Gen. Stat. § 1-472 to -484.1. Defendants seek recovery from plaintiff of proprietary molds, customized assembly line equipment, and related spare parts and software for the manufacture of plastic water bottle caps. The motion will be denied without prejudice.

Rule 64 makes available in federal actions prejudgment remedies, including replevin, which is the return of property wrongfully possessed by another, on the terms they are provided for under the law of the state in which the federal court is located. Fed. R. Civ. P. 64(a), (b). North Carolina law provides for a replevin-related prejudgment remedy, termed claim and delivery, which entails the immediate recovery of property possessed by another pending entry of final judgment. N.C. Gen. Stat. § 1-472 to -484.1.

North Carolina law is clear that claim and delivery is ancillary to an underlying claim to recover possession of property. Gen. Stat. § 1-472 provides: "The plaintiff *in an action to recover the possession of personal property* may claim the immediate delivery of the property as provided in this Article at any time before the judgment in the principal action." Gen. Stat. § 1-472 (emphasis

added). Defendants themselves quote this language in the memorandum supporting their motion. (Defs.' Mem. (DE #4), p. 7). Similarly, the North Carolina Supreme Court recognized in a case before it that the "Plaintiff was entitled to recover its property from the person or persons in wrongful possession thereof; and, *in an action therefor*, the ancillary remedy of claim and delivery . . . was available." *See Mica Industries, Inc. v. Penland*, 249 N.C. 602, 107 S.E.2d 120 (1959) (emphasis added). Under Rule 64, a party must satisfy this prerequisite of an underlying claim for recovery of the property to be entitled to claim and delivery. *See* Fed. R. Civ. P. 64(a); 11A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2932, p. 7 (2nd ed. 1995). Although § 1-472 and *Penland* speak in terms of plaintiffs utilizing claim and delivery, the court believes claim and delivery is available to defendants if the requirements for it are otherwise met.

Defendants have not satisfied the threshold requirement of § 1-472 that they assert a claim for recovery of the property sought in the underlying action. The only claims presently asserted in this action are plaintiff's claims for breach of contract. (*See* Compl. (DE #1-3) ¶¶ 28-48). Defendants have not yet answered the complaint.

Requiring compliance with the prerequisite for an underlying claim for recovery of property is consistent with Rule 64. It permits recourse to state law remedies providing for the seizure of property "to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). There is presently no claim in this action upon which judgment could be entered whose satisfaction could be secured by seizure of the property defendants seek.

IT IS THEREFORE ORDERED that defendants' motion for claim and delivery is DENIED. Defendants have leave to refile their motion if and when they rectify the deficiency which is the subject of this order.

2

SO ORDERED, this the 2nd day of October, 2008.

                                              James E. Gates
                                              United States Magistrate Judge