IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CV-496-D

| | |
|---|---|
| WEENER PLASTICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| v. ) | **AND** |
| ) | **RECOMMENDATION** |
| HNH PACKAGING, LLC and ) | |
| CONTINENTAL CLOSURES, LLC, ) | |
| ) | |
| Defendants. ) | |

This case comes before the court on the motion of plaintiff and counterclaim defendant Weener Plastics, Inc. ("Weener") to remand this case to Wilson County Superior Court (D.E. 19) and the motion by defendants and counterclaim plaintiffs HNH Packaging, LLC ("HNH") and Continental Closures, LLC ("Continental") (collectively "defendants") to compel arbitration with respect to certain claims asserted in Weener's complaint (D.E. 13). The parties have briefed both motions,[1] and they have been referred to the undersigned Magistrate Judge for review and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Referral Order (D.E. 39)). For the reasons set forth below, it will be recommended that plaintiff's motion be allowed and the case be remanded to Wilson County Superior Court. In light of this recommended disposition, the court does not reach defendants' motion to compel arbitration.

---

[1] The memorandum by Weener supporting its motion to remand is at D.E. 20 and defendants' opposing memorandum at D.E. 34. The memorandum by defendants supporting their motion to compel is at D.E. 14, their reply memorandum at D.E. 38, and Weener's opposing memorandum at D.E. 37.

# BACKGROUND[2]

Weener is a North Carolina corporation with its principal place of business in Wilson, North Carolina, whose primary business purpose is the manufacturing of molded plastic products. (Compl. (D.E. 1-3) ¶¶ 1, 8; Ans. & Countercl. (D.E. 10), 2d Def. ¶¶ 1, 8). HNH and Continental are limited liability companies organized and existing under the laws of New Jersey with their principal places of business in New Jersey. (Compl. ¶¶ 2, 3; Ans. & Countercl., 2d Def. ¶¶ 2, 3). The primary business purpose of HNH is the creation, sale, and distribution of molded plastic water caps. (Compl. ¶ 8; Ans. & Countercl., 2d Def. ¶ 8).

Three agreements are at issue in this action. The first is a Manufacturing Services Agreement ("MSA") executed by Weener and Continental on 12 September 2006. (Compl. ¶ 9, Ex. B (D.E. 1-3 at 14-17); Ans. & Countercl., 2d Def. ¶ 9). The MSA provides for Weener's manufacture and shipment of water bottle caps for Continental, including making the molds used to manufacture the caps. (*See, e.g.*, MSA, Background). The MSA contains a dispute resolution provision providing for arbitration of certain claims in New Jersey and litigation of other claims "in the Superior Court of New Jersey."[3] (*Id.* ¶ 14). Defendants' motion to compel is based on this provision.

---

[2] Additional background information regarding this action can be found in the court's 12 November 2008 order (D.E. 35, pp. 1-4) on defendants' motion for claim and delivery.

[3] The dispute resolution provision reads in full as follows:

> In the event of a default by either party concerning payment or monetary issues, or a dispute between the parties regarding the same, the disputed matter shall be submitted to a single arbitrator in the State of New Jersey, pursuant to the Commercial Rules of the American Arbitration Association. The prevailing party shall be entitled to recover reasonable attorney fees and costs without regard to local custom or rule. Other issues such as ownership, patents and trademarks shall be litigated in the Superior Court of New Jersey.

(MSA ¶ 14). Continental has brought a now-stayed action in the Superior Court of New Jersey to compel arbitration under this provision. (*See* Reply to Def.'s Notice (D.E. 41); Supplementation to Reply (D.E. 42)).

On 19 April 2008, Weener executed a Payment Agreement with HNH ("Payment Agreement") (Compl., Ex. A (D.E. 1-3, pp. 8-10)). The Payment Agreement provides that an amount owed by HNH to Weener for development work, assembly equipment, and modification to the molds would be amortized over the production of additional bottle caps by Weener (*i.e.*, a portion of the debt would be added to the price of the additional caps). (*See, e.g.*, Payment Agree., Background). The Payment Agreement includes a forum selection clause, entitled "GOVERNING LAW/JURISDICTION." (*Id.* ¶ 6). It provides in relevant part that "the courts of North Carolina shall have exclusive jurisdiction over any disputes as to the terms of this Agreement," "the parties consent to the exclusive, personal jurisdiction by the courts of North Carolina," and "[v]enue shall be Wilson County, North Carolina." (*Id.*). Weener bases its motion for remand on this clause.

The third agreement is a one-page letter agreement on Continental letterhead in which Continental agreed to indemnify Weener with respect to a patent infringement lawsuit that had been brought against Continental and Weener in April 2008 ("Indemnification Agreement") (Compl., Ex. C (D.E. 1-3, p. 18); Ans. & Countercl., 2d Def. ¶¶ 23, 25).[4] The suit alleged infringement of a water bottle cap patent. (Compl. ¶ 24; Ans. & Countercl., 2d Def. ¶¶ 24).

On 17 September 2008, Weener filed the instant action against defendants in Wilson County Superior Court. On 30 September 2008, defendants filed a joint notice of removal of the case to this

---

[4] The entire text of the Indemnification Agreement reads:

Continental Closures LLC agrees to indemnify and hold harmless for any liability to Weener Plastic Packaging Group for the Portola Packaging pending lawsuit filled on April 16. 2008 No. 08CV2183 J. N. for patent infringement. This includes or expenses. (including court cost and attorney fees)

3

court, alleging jurisdiction based on the diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).[5] (*See* Removal Notice (D.E. 1), pp. 2-3).

In its complaint, Weener asserts two claims for breach of contract. In its first claim, Weener alleges that defendants[6] breached the Payment Agreement by failing to pay the amortized amounts for the assembly equipment and mold modifications as well as for product Weener had produced and shipped pursuant to an order placed by defendants. (Compl. ¶¶ 13, 16-21, 28-35). Weener asserts that the damages related to this breach total more than $960,000. (*Id.* ¶¶ 37, 38).

In its second claim for relief, Weener alleges breach of the Indemnification Agreement by Continental by failing to reimburse Weener for amounts it paid in settlement costs, attorney's fees, and legal expenses with respect to the patent lawsuit and for costs incurred in producing and storing unclaimed bottle caps. (*Id.* ¶¶ 22-27, 39-48). Weener seeks damages in excess of $300,000 on this claim. (*Id.* ¶ 48).

On 3 October 2008, defendants filed an answer and counterclaim (D.E. 10). The counterclaim alleges conversion by Weener of the cap molds, assembly equipment, and related software. (Ans. & Countercl., Countercl. ¶ 3).[7] At the same time, defendants filed their motion to compel arbitration. Weener subsequently filed its motion for remand.

---

[5] Defendants do not contest the existence of jurisdiction under 28 U.S.C. § 1332(a)(1).

[6] Weener alleges that both HNH and Continental are parties to the Payment Agreement even though it was executed by only HNH. (Compl. ¶¶ 13, 14).

[7] Defendants filed the answer and counterclaim in the midst of claim and delivery proceedings they initiated and in specific response to an order of the court (D.E. 9) denying their request for relief on the grounds that they lacked a claim for recovery of the property at issue, as required by North Carolina law. After further proceedings, the court determined that defendants are entitled to an order of claim and delivery (*see* D.E. 35), but they have filed a notice stating that they have been unable to obtain the requisite bond (D.E. 43). On 2 April 2009, Continental filed a motion for summary judgment on the counterclaim (D.E. 44).

# DISCUSSION

## I. PRIORITY OF THE MOTION TO REMAND

The court will turn first to the motion to remand. Its resolution will determine whether this court is a proper forum for further judicial proceedings in this case, including whether it is a proper forum to resolve defendants' motion for arbitration. The court rejects defendants' contention that this court can properly decide their motion to compel arbitration without first determining whether it can lawfully act on that motion.[8] *See, e.g., Welborn v. Classic Syndicate*, 807 F. Supp. 388, 391 (W.D.N.C. 1992) (allowing plaintiff's motion to remand on the basis of a forum selection clause even though the contract also contained an arbitration provision). Defendants' reliance on state law precedent in support of their contention is misplaced. *E.g., Johnston Co. v. R.N. Rouse & Co.*, 331 N.C. 88, 414 S.E.2d 30 (1992). The state law precedent necessarily does not involve the controlling issues of removal and remand presented here, which are governed by federal statutory and case law.

As indicated, Weener contends that the forum selection clause in the Payment Agreement requires remand of this case. It argues that this court must enforce the purported specification in that clause of Wilson County Superior Court as the forum for litigation of this case. The court agrees that the forum selection clause requires remand, although on more narrow grounds. Remand is required because the forum selection clause precluded proper removal of this case.

---

[8] Although defendants bring their motion to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, that statute does not provide an independent basis for jurisdiction. *See* 9 U.S.C. § 4 (petition to compel arbitration under an agreement may be brought in "any United States district court *which, save for such agreement, would have jurisdiction under Title 28*") (emphasis added); *Vaden v. Discover Bank.*, 129 S. Ct. 1262, 1271 (2009).

5

## II. APPLICABLE PRINCIPLES OF REMOVAL AND REMAND

The court's analysis begins with a review of basic principles governing removal and remand. Removal of a case from a state court to a federal district court is provided for in 28 U.S.C. § 1441. The courts have recognized that "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F. 3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."). The removing parties, as those invoking removal jurisdiction, have the burden of showing that removal was proper. *See Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof")).

Under 28 U.S.C. § 1446(a), a case is removed by the filing of a notice of removal in the district court. When there are multiple defendants, each defendant must join in or otherwise consent to the notice of removal subject to exceptions not applicable here.[9] *See Hensley v. Irene Wortham*

---

[9] Decisions in the Fourth Circuit typically identify three exceptions. "A defendant need not join in or consent to the notice of removal if: (1) the non-joining defendant has not been served with service of process at the time the notice of removal is filed; (2) the non-joining defendant is merely a nominal or formal party; or (3) the removed claim is independent of one or more non-removable claims against the non-joining defendant." *Parker*, 104 F. Supp. 2d at 583 n.3. With respect to the first two exceptions, HNH has not challenged service of process, and HNH is not a nominal or formal party. The third exception applies only to cases removable under 28 U.S.C. § 1441(c), which since a 1990 amendment includes only federal question cases under 28 U.S.C. § 1331. *See Mullins v. Hinkle*, 953 F. Supp. 744, 749 (S.D. W. Va. 1997); *see also* 14C Charles A. Wright, *et al.*, *Federal Practice and Procedure* § 3731, p. 267 (3rd ed. 1998) (exception applies to a claim "removable under Section 1441(c)"). The instant case is, of course, a diversity action. Even if the exception were deemed applicable in this case, the court does not believe HNH would come within

*Ctr., Inc.*, No. 1:07cv403, 2008 WL 2183946, at *4 (W.D.N.C. 4 April 2008); *Parker v. Johnny Tart Enters. Inc.*, 104 F. Supp. 2d 581, 583 (M.D.N.C. 1999). The purpose of this "rule of unanimity," as it is called, is to "advance[] the congressional purpose of giving deference to a plaintiff's choice of a state forum and resolving doubts against removal in favor of remand." *Miller v. First Sec. Investments, Inc.*, 30 F. Supp. 2d 347, 350 (E.D.N.Y.1998) (internal quotations and citations omitted). "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1046-47 (11th Cir. 2001). If fewer than all defendants have joined in or consented to removal of a case, it is subject to remand. *See, e.g., Brodar v. McKinney*, 378 F. Supp. 2d 634, 636-38 (M.D.N.C. 2005) (remanding action to state court where one of three defendants failed to join in removal notice); *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 508 (E.D. Va. 1992) (remand based on failure of two of three defendants to effectively consent to removal).

A defendant may waive the right to remove, and thereby be precluded from itself removing or consenting to removal by another defendant,[10] through entry into a valid and enforceable forum selection clause that mandates a state court as the forum for a case. *See Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1216 (3rd Cir. 1991); *The London Manhattan Co. v. CSA-Credit Solutions of America, Inc.*, C.A. No. 2:08-cv-00465-PMD, 2008 WL 2077554, at *1 (D.S.C. 9 May 2008);

---

its terms. Also inapplicable for similar reasons is a "refinement" to the unanimity rule adopted in *Hill v. City of Boston*, 706 F. Supp. 966 (D. Mass. 1989), which provides that "unanimity as to removal is required only of those parties who would independently have the right to remove." *Id.* at 968. Notably, the *Hill* refinement has been rejected by many courts. *See Mullins*, 953 F. Supp. at 750 (collecting cases).

[10] *See Ondova Ltd. Co. v. Manila Industries, Inc.*, Civ. A. No. 3:07-CV-1812-D, 2007 WL 4104192, at *3 (N.D. Tex. 19 Nov. 2007) (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986)).

7

*Advanced Marketing Intern., Inc. v. Morgan*, No. 5:05-cv-435-Oc-10GRJ, 2006 WL 1679219, at *3 (M.D. Fla. 14 June 2006) ("By signing a contract that contains a forum selection clause, a defendant may waive his right to removal under ordinary principles of contract interpretation...."); *see also Russell Corp.*, 264 F.3d at 1046-47 (holding that defendant insurer waived its right to consent to removal of insured's state court action where subject policy contained a so-called "service of suit" clause, which permitted insured to select the forum). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). In accordance with the rule of unanimity, if one of several defendants in a case has waived the right to remove via a valid and enforceable forum selection clause, there can be no unanimity and a case which has been removed must be remanded. *See, e.g., Ondova Ltd. Co. v. Manila Industries, Inc.*, Civ. A. No. 3:07-CV-1812-D, 2007 WL 4104192, at *3-4 (N.D. Tex. 19 Nov. 2007); *Advanced Marketing Intern., Inc. v. Ferguson*, No. 5:06-cv-15-Oc-10GRJ, 2006 WL 1679417, at *3-4 (M.D. Fla. 14 June 2006); *see also Russell Corp.*, 264 F.3d at 1049, 1050 (waiver based on service of suit clause); *Black & Decker (U.S.) Inc. v. Twin City Fire Ins. Co.*, Civ. A. No. HAR 92-3352, 1993 WL 56784, at *1, 3-4 (D. Md. 9 Feb. 1993) (same).[11]

Moreover, the lack of unanimity requires remand of the entire case, rather than only certain claims. *See, e.g., Ondova*, 2007 WL 4104192, at *3-4; *Ferguson*, 2006 WL 1679417, at *4. Remand of the entire case serves the central policy underlying the unanimity rule to allow a plaintiff to keep

---

[11] The holding in *RK Dixon Co.*, 284 F. Supp. 2d 1204, 1213 (S.D. Iowa 2003) is not to the contrary. Although the court there denied remand because not all the claims were subject to the forum selection clause at issue, that case involved a single defendant and therefore did not implicate the rule of unanimity which applies here. The court also found that enforcement of the forum selection clause would create grave inconvenience and be unreasonable. *Id.* at 1213. Here, as set out below, the court finds that enforcement of the instant forum selection clause would have no such deleterious effects.

an action in a single proceeding. *See Ondova*, 2007 WL 4104192, at *2 (the rule of unanimity's "rationale is that a 'plaintiff should only be required to proceed against multiple defendants in one action.'" (quoting *Branch ex rel. Branch v. Coca-Cola Bottling Co. Consol.*, 83 F. Supp. 2d 631, 636 (D.S.C. 2000)). This result is also consistent with the statutes governing a diversity case, as here, which provide for removal and remand of a "case," not particular claims. *See, e.g.*, 28 U.S.C. §§ 1446(b) (providing that "*a case* may not be removed . . . more than 1 year after commencement of the action") (emphasis added), 1447(c) (providing for "[a] motion to remand *the case*") (emphasis added); *Ferguson*, 2006 WL 1679417, at *4. While there is a provision that permits remand of separate claims in which state law predominates, 28 U.S.C. § 1441(c), it applies only in federal question cases under 28 U.S.C. § 1331 (as discussed in footnote 9 above). *See, e.g., RK Dixon Co. v. Dealer Marketing Services, Inc.*, 284 F. Supp. 2d 1204, 1212 n.10 (S.D. Iowa 2003).[12]

### III. THE FORUM SELECTION CLAUSE IN THE PAYMENT AGREEMENT REQUIRES REMAND

Applying these principles to this case, the court finds that the forum selection clause in the Payment Agreement waived HNH's right to remove this case to this court by specifying North Carolina state courts as the exclusive forum for actions regarding the Payment Agreement. HNH could not therefore lawfully remove or consent to removal and the unanimity of consent required for removal did not exist. This case must accordingly be remanded.

---

[12] The decision in *Gita Sports Ltd. v. SG Sensortechnik GMBH & Co. KG*, 560 F. Supp. 2d 432 (W.D.N.C. 2008) does not stand for the partial remand of claims. There, after dismissing some of plaintiff's claims pursuant to a forum selection clause specifying a court in Germany, the court remanded the remaining claims for lack of subject matter jurisdiction. *Id.* at 442. Although the court in *Cowatch v. Sym-Tech Inc.*, 253 Fed. Appx. 231, 233, 234 (3rd Cir. 2007) upheld the partial remand of claims based on a forum selection clause, the case involved a single defendant, thereby not falling under the rule of unanimity, and the partial nature of the remand was not challenged in the appeal, *see id.* 232, or discussed by the court.

9

Case 5:08-cv-00496-D   Document 46   Filed 04/09/09   Page 9 of 15

A. **The Forum Selection Clause is Valid and Enforceable**

This portion of the court's analysis begins with a review of the language of the forum selection clause in the Payment Agreement. It reads in full, as follows:

> This Agreement *shall be governed by* its terms and *the laws of the State of North Carolina*. The parties agree that this Agreement shall be deemed executed and completed in North Carolina, that this Agreement shall be performed in North Carolina, and that *the courts of North Carolina shall have exclusive jurisdiction over any disputes as to the terms of this Agreement*. By the signatures below, *the parties consent to the exclusive, personal jurisdiction by the courts of North Carolina* and further, waive any objection thereto. *Venue shall be Wilson County, North Carolina.*

(Payment Agree. ¶ 6) (emphasis added).

The court finds that the forum selection clause is valid and enforceable. Forum selection clauses may be found unreasonable and thereby unenforceable if:

> (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

*Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) and *Bremen*, 407 U.S. at 12-13, 15, 18).[13] The record on the instant matter shows no fraud or overreaching in the formation of the forum selection clause (or the other provisions) in the Payment Agreement. The selected forum, the courts of North Carolina, would not be an unfair or unduly inconvenient forum for defendants. Similarly, the law chosen to govern the Payment Agreement, the law of North Carolina, would not expose defendants to any fundamental

---

[13] The validity and enforceability of the forum selection clause is governed by federal law. *See, e.g., Gita Sports Ltd.*, 560 F. Supp. 2d at 437-38; *Bassett Seamless Guttering, Inc. v. GutterGuard, L.L.C.*, No. Civ. 1:05CV00185, 2006 WL 156874, at *4 & n.4 (M.D.N.C. 20 Jan. 2006). Nonetheless, the court believes that no defects as to validity or enforceability would exist under North Carolina law if it were applied.

10

unfairness. Nor does the clause violate the public policy of North Carolina as the forum state. *See* N.C. Gen. Stat. § 22B-3 (voiding provisions in contracts entered into North Carolina that require proceedings in another state, not North Carolina, as here).

### B. The Forum Selection Clause Specifies Exclusive State Court Jurisdiction

The court also finds that the language of the clause indicates a clear intent to give exclusive jurisdiction to the state courts of North Carolina. Forum selection clauses are often classified by courts as either permissive or mandatory. *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). A permissive clause authorizes jurisdiction in a particular forum, but does not limit the jurisdiction of other forums. *Id.* However, a mandatory clause permits an action to be brought only in the specified forum. *Id.* The clause in this case plainly falls in the mandatory category.

Its mandatory nature is apparent from the use of "shall" and "exclusive" in the provisions identifying the courts of North Carolina as the selected forum. Again, these provisions read in relevant part:

> [T]he courts of North Carolina *shall* have *exclusive* jurisdiction over any disputes as to the terms of this Agreement. . . . [T]he parties consent to the *exclusive*, personal jurisdiction by the courts of North Carolina . . . .

(Payment Agree. ¶ 6) (emphasis added). This unequivocal language clearly indicates the parties' intention to limit the forum for any disputes under the Payment Agreement to the courts of North Carolina. Decisions examining similar language are in accord. *See General Pump & Well, Inc. v. Laibe Supply Corp.*, No. CV607-30, 2007 WL 4592103, at *3 n.4 (S.D. Ga. 28 Dec. 2007) (enforcing a forum selection clause specifying that a state court shall have "exclusive" jurisdiction); *Rescuecom Corp. v. Chumley*, 522 F. Supp. 2d 429, 444 (N.D.N.Y. 2007) (holding that a forum

11

selection clause was mandatory where it provided that the courts in one specified county shall have exclusive jurisdiction over any action brought under the subject agreement); *RK Dixon*, 284 F. Supp. 2d at 1210 (holding that forum selection clause in contract stating that suit "shall" be brought in specified state court was mandatory and not permissive).

It is no less apparent that the phrase "courts of North Carolina" refers exclusively to the state courts of North Carolina, as opposed to the federal and state courts in North Carolina collectively. Other courts interpreting the phrase "courts of" with reference to other states have repeatedly held that it refers solely to the state courts of the state identified. *See American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926 (10th Cir. 2005) (holding that a forum selection clause that specified the courts "of Colorado" could only mean state court because "a federal court located in Colorado is not a court *of* the State of Colorado but rather a court *of* the *United States of America*"); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (court interpreted the phrase "Courts of Texas" as referring exclusively to Texas state courts); *Phoenix Global Ventures, Inc. v. Phoenix Hotel Assocs., Ltd.*, No. 04 Civ. 4991RJH, 2004 WL 2360033, at *6 (S.D.N.Y. 19 Oct. 2004) ("The language, '[a]ny proceeding shall be initiated in the courts of the State of New York,' clearly establishes exclusive jurisdiction in New York state courts."); *Manufacturing & Marketing Concepts, Inc. v. Southern Cal. Carbide*, 920 F. Supp. 116, 119 (N.D. Ill. 1996) (concluding that a forum selection clause specifying venue in "an Illinois court" "plainly" meant an Illinois state court).

The interpretation that only state courts are referenced is reinforced here by the additional specification that "[v]enue shall be Wilson County, North Carolina" because there is no federal district court in Wilson County. (Payment Agree. ¶ 6). Again, the courts have consistently ruled that specification of a venue that includes only state courts shows clear intent to select such courts rather

12

than a federal court. *See Alliantgroup, L.P. v. Feingold,* No. H-09-0479, 2009 WL 514058, at *5 (S.D. Tex. 2 Mar. 2009) ("When a forum-selection clause requires venue in a county with no federal courthouse, a defendant sued in state court in that county waives the right to remove"; no waiver found because specified county has federal district courthouse); *Greenville Elec. Util. Sys. v. North Pac. Group, Inc.,* No. 3-01-CV-0758-BD, 2001 WL 804521, at *2 (N.D. Tex. 6 July 2001) (holding that defendant had waived right to remove the action to federal court where forum selection clause required venue to lie in "Greenville, Hunt County, Texas," and no federal court sat in the town of Greenville); *see also Excell, Inc. v. Sterling Boiler & Mech., Inc.,* 106 F.3d 318, 321 (10th Cir. 1997) (holding that a clause providing that "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado," was a clear and unequivocal waiver of defendant's statutory right to remove the claim from state court to federal court because venue for federal courts is stated in terms of judicial districts not in terms of counties); *The London Manhattan Co.*, 2008 WL 2077554, at *3 (holding that defendant had not waived right to remove where the forum selection clause permitted suit to be brought within the "Courts of Charleston County, South Carolina," because the federal court sat in Charleston County).

### C. The Forum Selection Clause Waives HNH's Right to Remove and Precludes Removal by Unanimity as Required

By specifying the state courts of North Carolina as the exclusive forum for litigation regarding the Payment Agreement, the forum selection clause waived the right of HNH, as a party to that agreement, to remove or consent to removal of this case to federal court.[14] In making this finding, the court recognizes that courts have applied two different standards in determining whether

---

[14] Had HNH intended to preserve its right of removal, it could have included a provision in the forum selection clause preserving it, but no such provision appears in the clause. *See Black & Decker*, 1993 WL 56784, at *4.

13

a defendant has waived the right to remove. Some require that the waiver be "clear and unequivocal." *See, e.g., EBI-Detroit, Inc. v. City of Detroit*, 279 Fed. Appx. 340, 347 (6th Cir. 2008). Others hold that the waiver need be shown simply in accordance with the ordinary rules of contract interpretation. *See, e.g., Foster*, 933 F.2d at 1218 n.15; *Welborn*, 807 F. Supp. at 391. The court need not determine which standard is correct, because HNH's waiver meets both based on the analysis set out above. *See The London Manhattan Co.*, 2008 WL 2077554, at *1 ("This court need not determine the appropriate standard, because result is the same regardless of whether the court applies ordinary contractual principles or the 'clear and unequivocal' standard.").

Because HNH waived its right to remove this case to this court, it could not validly remove or consent to removal of the case. The requisite unanimity of consent was therefore absent when this case was removed.[15] The case must accordingly be remanded to the state court from which it came, Wilson County Superior Court.

As a result of the recommended remand, the court does not reach defendants' motion to compel arbitration. The court expresses no opinion regarding the merits of that motion.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that:

a. Weener's motion to remand (D.E. 19) be ALLOWED;

b. this case be remanded to Wilson County Superior Court; and

---

[15] In focusing on the waiver by HNH of its right to remove, the court makes no determination regarding the right of Continental to remove. Specifically, the court makes no finding on whether the dispute resolution provision in the MSA providing for the litigation of certain claims "in the Superior Court of New Jersey" effected any such waiver. (MSA ¶ 14). The court expresses no opinion regarding any other effect this provision may or may not have on the proper forum or forums for further proceedings on any of Weener's claims.

14

c. in light of the recommended remand, no action be taken on defendants' motion to compel arbitration (D.E. 13) (or the pending motion by Continental for summary judgment (D.E. 44)).

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten business days to file written objections, unless the court specifies a different period. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This 8th day of April, 2009.

James E. Gates
United States Magistrate Judge