IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-496-D

| | | |
|---|---|---|
| WEENER PLASTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HNH PACKAGING, LLC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 9, 2009, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") concerning two motions [D.E. 46]. First, Judge Gates recommended that the court grant Weener Plastics, Inc.'s ("plaintiff" or "Weener") motion to remand the action to Wilson County Superior Court. Id. at 14. In light of that recommendation, Judge Gates did not address HNH Packaging, LLC ("HNH") and Continental Closures, LLC's ("Continental") (collectively "defendants") motion to compel arbitration or Continental's motion for summary judgment. Id. Defendants filed objections to Judge Gates' M&R [D.E. 52], and plaintiff responded [D.E. 53]. As explained below, the court overrules defendants' objections, accepts the M&R, and remands the action to Wilson County Superior Court. In light of this disposition, the court does not address defendants' motion to compel arbitration or Continental's motion for summary judgment.

I.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that

there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

Judge Gates described the facts in the M&R, and this court will not repeat them in this order. Essentially, plaintiff contends that the court first must address whether this court is the proper forum before it may address defendants' motion to compel arbitration. Plaintiff then argues that the forum-selection clause in the Payment Agreement between Weener and HNH demonstrates that this court is not the proper forum for HNH, that the defendants HNH and Continental could not meet the rule of unanimity required to remove the action, and that this court must remand the action. See M&R 5–14.

In their objections, defendants focus on the arbitration clause in the Manufacturing Services Agreement between Weener and Continental and urge the court to order arbitration in accordance with the Manufacturing Services Agreement. See Defs.' Objs. 2–5. In making this argument, defendants contend that Judge Gates erred in analyzing the "rule of unanimity" associated with multiple defendants who remove an action from state court to federal court pursuant to 28 U.S.C. § 1446(a). See, e.g., Russell Corp. v. Amer. Home Assurance Co., 264 F.3d 1040, 1046–47 (11th Cir. 2001); Brodar v. McKinney, 378 F. Supp. 2d 634, 636–38 (M.D.N.C. 2005); Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 508 (E.D. Va. 1992). Specifically, Judge Gates concluded that the forum-selection clause in the Payment Agreement between Weener and HNH waived HNH's right to remove and thereby prevented HNH from lawfully removing the action. See M&R 9–14. Accordingly, Judge Gates concluded that the unanimity of consent required for removal did not exist, and the action must be remanded. Id. In opposition to this conclusion, defendants argue (1) that the rule of unanimity is a technical defect that Weener failed to raise within thirty days of removal and thereby waived; (2) that a court may not sua sponte raise a technical defect as a basis for remand; and

2

(3) that Weener consented to this court's jurisdiction through its affirmative acts and that remanding the action would thwart the goal of judicial economy. See Defs.' Objs. 5–12.

As for the first objection, defendants removed this action on September 30, 2008 [D.E. 1]. Plaintiff timely filed a motion to remand on October 20, 2008 [D.E. 17, 19]. In plaintiff's motion to remand, plaintiff argued that the forum-selection clause in the Payment Agreement between HNH and Weener was mandatory and precluded removal [D.E. 20]. The court construes plaintiff's motion and memorandum to include the argument that the forum-selection clause precluded HNH from consenting to removal. Thus, the court overrules defendants' first objection.

Next, defendants object that a court may not sua sponte raise a technical defect as a basis for remand. Defs.' Objs. 7–9. Whatever the abstract merits of this proposition, the proposition does not apply in this case. Judge Gates analyzed plaintiff's argument concerning the forum-selection clause. As part of that analysis, Judge Gates was permitted to construe the forum-selection clause to apply to HNH and to invoke principles associated with the rule of unanimity. In so doing, Judge Gates did not have to address plaintiff's broader argument that the forum-selection clause — as a matter of contract law — also applied to Continental. Moreover, unlike the cases that the defendants cite, Judge Gates did not recommend remanding the case before a motion to remand was filed or remanding the case based on an untimely motion to remand. Thus, the court overrules defendants' second objection.

Finally, defendants argue that plaintiff consented to this court's jurisdiction through its affirmative acts taken in this litigation and that it would thwart the goal of judicial economy to remand the action to the Wilson County Superior Court. See Defs.' Objs. 9–14. The court has reviewed the record in this case. Although plaintiff understandably has responded to the various motions that defendants filed [D.E. 3, 11, 13, 44], plaintiff has filed one motion — a timely motion

3

to remand to the action to Wilson County Superior Court [D.E. 17, 19]. Plaintiff has not affirmatively sought this court's intervention except to request remand. Moreover, the defect in removal was patent, and the failure to enforce the mandatory forum-selection clause would prejudice plaintiff. Finally, principles of comity and judicial economy warrant remand. Accordingly, the court overrules defendants' final objection.

II.

As explained above, the court overrules defendants' objections to the M&R and accepts the M&R. Accordingly, in accordance with the M&R, the court GRANTS plaintiff's motion to remand [D.E. 19]. In light of this disposition, the court DISMISSES without prejudice defendants' other pending motions [D.E. 13, 44]. The action is REMANDED to Wilson County Superior Court.

SO ORDERED. This 19 day of August 2009.

JAMES C. DEVER III
United States District Judge